UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| GREGORY FARR, | No. 2:12-cv-1548 TLN DAD PS |
| --- | --- |
| Plaintiff, | |
| v. | ORDER |
| FEDEX OFFICE AND PRINT SERVICES, INC., | |
| Defendant. | |

On October 11, 2013, the parties appeared before the court for hearing on defendant's motion for summary judgment. At that hearing plaintiff requested that this action be voluntarily dismissed without prejudice. Counsel for defendant stated that he had no objection to plaintiff's request. On October 16, 2013, plaintiff was ordered to file a notice of his request for voluntary dismissal of this action. (Dkt. No. 36.)

On October 17, 2013, plaintiff complied with the court's directive and filed a notice of his request for voluntary dismissal of this action without prejudice. (Dkt. No. 37.) On October 25, 2013, in light of defendant's statement of non-opposition, the court issued an order dismissing this action without prejudice and closing this action. (Dkt. No. 38.) That same day, defendant submitted a bill of costs, seeking from plaintiff $2,793.91. (Dkt. No. 39.)[1]

---

[1] In stating his lack of objection to plaintiff's request for voluntary dismissal without prejudice at the October 11, 2013, defense counsel did not express any intention of submitting a bill of cost.

1

1     The court dismissed this action pursuant to Rule 41(a)(2) of the Federal Rules of
2 Civil Procedure.  Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only
3 by court order, on terms that the court considers proper."  FED. R. CIV. P. 41(a)(2).  "A motion for
4 voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and
5 the court's order will not be disturbed unless the court has abused its discretion."  Stevedoring
6 Services of America v. Armilla Intern. B.V., 889 F.2d 919, 921 (9th Cir. 1989).  See also Hargis
7 v. Foster, 312 F.3d 404, 412 (9th Cir. 2002) ("Rule 41 vests the district court with discretion to
8 dismiss an action at the plaintiff's instance upon such terms and conditions as the court deems
9 proper.").

10     Here, the issue of defendant's costs was not before the court prior to the granting
11 of plaintiff's unopposed request for voluntary dismissal.  Under the circumstances of this case,
12 the court does not consider the imposition of costs in response to plaintiff's unopposed request for
13 voluntary dismissal to be just or proper.  Imposition of costs pursuant to the bill of costs
14 submitted by defendant will, therefore, be denied.  See Westlands Water Dist. v. U.S., 100 F.3d
15 94, 97 (9th Cir. 1996) ("Imposition of costs and fees as a condition for dismissing without
16 prejudice is not mandatory however."); see also Stevedoring, 889 F.2d at 921 ("Although costs
17 and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under
18 FED. R. CIV. P. 41(a)(2), no circuit court has held that payment of the defendant's costs and
19 attorney fees is a prerequisite to an order granting voluntary dismissal."); Clerisy Corp. v.
20 Airware Holdings, Inc., No. CV 12-2110 PHX PGR, 2013 WL 6252428, at *3 (D. Ariz. Dec. 4,
21 2013) ("While the Court agrees with Defendants that it retains the discretion to condition
22 dismissal on an award of attorneys' fees, it finds no basis to do so here."); Chang v. Pomeroy, No.
23 CIV S-08-0657 FDC DAD PS, 2011 WL 618192, at *1 (E.D. Cal. Feb. 10, 2011) ("a court cannot
24 impose fees and costs as a condition of voluntary dismissal absent some basis other than the mere
25 fact of the plaintiff's request"); Bader v. Electronics for Imaging, Inc., 195 F.R.D. 659, 665 (N.D.
26 Cal. 2000) ("This court declines to exercise its discretion to impose attorneys' fees and costs.").
27 /////
28 /////

2

Accordingly, IT IS HEREBY ORDERED that defendant's October 25, 2013 bill of costs (Dkt. No. 39) is denied.

Dated: January 10, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\farr1548.boc.den.ord.docx